1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHERMAN MANNING and
     PETER ANDRIST,
11

12              Plaintiffs,              No. 2:12-cv-2440 GGH P

13        vs.

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.              <u>ORDER</u>

17   _____/

18              Plaintiffs are proceeding through counsel with a civil rights action pursuant to 42

19   U.S.C. § 1983.  The lead plaintiff is a state prisoner and his co-plaintiff is his publisher, a citizen

20   of Switzerland.  Plaintiffs filed their complaint on September 26, 2012, and paid the filing fee.

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

                                        1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11  "The pleading must contain something more...than...a statement of facts that merely creates a

12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15  v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17  the court to draw the reasonable inference that the defendant is liable for the misconduct

18  alleged."  Id.

19    In reviewing a complaint under this standard, the court must accept as true the

20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23  1843 (1969).

24    This complaint is not a model of either clarity or coherence, and while the

25  allegations of this pro se complaint are held to "less stringent standards than formal pleadings

26  drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), no such deference

1  is due here.  In the first place, on a most basic level, plaintiffs fail to enumerate in the case

2  caption all the defendants who are named in the body of the complaint.  For example, while

3  defendants Bunnell, Sanders, Spearman and May are referenced in that portion of the complaint

4  wherein party defendants are identified, those names are not encompassed within the case

5  caption.  Further, plaintiffs fail to include a number of the defendants named within the

6  allegations either in the case caption or in that section of the complaint purporting to identify the

7  party defendants, i.e., defendants Colby Comptom, Mrs. Culver, Goldsmith, Lieutenant Detwiler,

8  Sgt. Erin Walls.  The complaint will be dismissed but plaintiffs will be granted leave to amend.

9          Moreover, plaintiffs also name the California Department of Corrections and

10  Rehabilitation (CDCR) as a defendant.  The Eleventh Amendment serves as a jurisdictional bar

11  to suits brought by private parties against a state or state agency unless the state or the agency

12  consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781

13  (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the

14  instant case, the State of California has not consented to suit.  Accordingly, plaintiffs' claims

15  against the CDCR are frivolous and must be dismissed.  In any amended complaint, allegations

16  against this defendant should not be renewed.

17          As to defendants T. Virga and James Walker, these defendants are named only in

18  the context of their supervisory function.  Complaint, p. 2.  The Civil Rights Act under which

19  this action was filed provides as follows:

20          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
21          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
22          law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

1   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

2   omits to perform an act which he is legally required to do that causes the deprivation of which

3   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

4           Moreover, supervisory personnel are generally not liable under § 1983 for the

5   actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named

6   defendant holds a supervisorial position, the causal link between him and the claimed

7   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

8   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

9   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

10  in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

11  Cir. 1982).  Plaintiffs make no allegations with regard to defendants Virga and Walker that

12  purport to implicate them in any other than a supervisory capacity, and, in fact, reference their

13  conduct generally in a favorable light, i.e., "to his credit, it was warden Virga who ultimately

14  discovered and attempted to correct problems with the mailroom at CSP, Sacramento."

15  Complaint, p. 2; <u>and</u> <u>see</u>, <u>id.</u>, at 3 (defendant Schroeder's alleged attempt to transfer plaintiff

16  Manning "was disallowed by defendant J. Walker"); <u>see also</u>, <u>id.</u>, at 11 (Warden Virga "took

17  steps...to help avoid continuing problems in the mailroom....").  Plaintiffs' claims against

18  defendants Virga and Walker each in his individual capacity will be dismissed.  Plaintiffs will

19  have leave to amend.

20          The gravamen of this complaint, seeking both money damages and injunctive

21  relief for having allegedly engaged in various forms of misconduct to interfere with plaintiffs'

22  mail, appears to be claimed violations of plaintiffs' First Amendment rights.  However, in listing

23  the separate causes of action, while setting forth as a second claim for relief a violation by

24  defendants of plaintiffs' free speech rights, plaintiffs do not make a separate claim for relief for

25  retaliation in violation of the First Amendment although they make general allegations of

26  retaliation throughout the complaint.  In fact, other than the second claim for relief, the remaining

1   six claims come under the rubric of supplemental state law claims.  Thus, even while alleging

2   that plaintiff Manning was transferred to Pleasant Valley State Prison for the very purpose of his

3   exposure to Valley Fever even though he was known to be asthmatic and did subsequently

4   contract Valley Fever and even while calling this an infliction of cruel and unusual punishment,

5   this claim is not designated as one brought under the Eighth Amendment but rather as "First

6   Claim for Relief  - - Valley Fever allegations for intentional torts in personal injury and/or

7   negligence."  Complaint, p. 11.  This complaint will be dismissed with leave to amend.

8               Finally, plaintiffs make a number of allegations within the body of the complaint

9   (although not set forth as a separate claim for relief) of conspiracy among various defendants.  To

10  make colorable claims of conspiracy, plaintiffs must plead some acts showing of an agreement or

11  a meeting of the minds on the part of defendants to violate his constitutional rights.  Woodrum v.

12  Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435

13  (9th Cir. 1983).  Conspiracy allegations must be supported by material facts and not be merely

14  conclusory statements.  Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).  See also Inage

15  Warehousing etc. v. Credit Suisse etc., 270 Fed. Appx. 670 (9th Cir. 2008).  This complaint will

16  be dismissed but plaintiff will have leave to amend.

17              If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiffs' constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

23  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

24  vague and conclusory allegations of official participation in civil rights violations are not

25  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  \\\\\

1    In addition, plaintiffs are informed that the court cannot refer to a prior pleading in

2  order to make plaintiffs' amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed for the

9  reasons discussed above, with leave to file an amended complaint within twenty-eight days from

10 the date of service of this order.  Failure to file an amended complaint will result in a

11 recommendation that the action be dismissed.

12 DATED: October 16, 2012

14                    /s/ Gregory G. Hollows
            UNITED STATES MAGISTRATE JUDGE

17 GGH:009
   mann2440.b