UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING,<br><br>              Plaintiff,<br><br>       v.<br><br>M. BUNNELL, et al.,<br><br>              Defendants. | No.  2:12-cv-2440 MCE AC P<br><br>ORDER SETTING STATUS CONFERENCE |

Plaintiff, a state prisoner proceeding with retained counsel, seeks relief pursuant to 42 U.S.C. § 1983.  By Order filed on August 5, 2013 (ECF No. 71), claims one, three, four and five of the first amended complaint were dismissed with prejudice.  Plaintiff Manning and his former co-plaintiff, Peter Andrist (Manning's publisher), were granted leave to amend claim two in a second amended complaint.  The second amended complaint names only Manning as a plaintiff, and indicates that Andrist has elected not to proceed with the second amended complaint.  ECF No. 74 at 1 & n. 1.  It appears therefore, pursuant to Fed. R. Civ. P. 41(a)(1), by way of the second amended complaint, that counsel for plaintiff Andrist served notice of Mr. Andrist's voluntary dismissal from this action.  Therefore, only plaintiff Manning proceeds in this action.  Answers from the defendants have now been filed.  ECF Nos. 75, 78.

////

////

1

Accordingly, IT IS HEREBY ORDERED that:

1. A Status Conference is set for December 18, 2013, at 10:00 a.m. in Courtroom # 26 before the undersigned.

2. The parties are required to submit to the court a joint status report seven days prior to the status conference briefly setting out their views on the following matters:

    a. Anticipated motions and their scheduling;

    b. The status and scheduling of discovery, including matters within the scope of the discovery plan contemplated by Fed. R. Civ. P. 26;

    c. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    d. Estimated trial time;

    e. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

    f. Whether a settlement conference should be scheduled;

    g. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

    h. Any other matter that may add to the just and expeditious disposition of this matter;

3. Counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 160).

DATED: November 19, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE