UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN MANNING, | No. 2:12-cv-2440 MCE AC P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| M. BUNNELL, et al., | |
| Defendants. | |

The motion to dismiss brought by defendants Schroeder, O'Brien and Stratton came on for hearing before the undersigned on March 19, 2014. <u>See</u> ECF Nos. 85, 88, 89. Jeffrey Kravitz appeared for plaintiff Manning. Deputy Attorney General Kelli Hammond, who represents defendants May, Schroeder, Couch, Stratton and O'Brien, appeared on behalf of the moving defendants. Kristina Gruenberg appeared telephonically on behalf of defendants Humphries, Johnson, Ralls and Wenker.

I.     PLAINTIFF'S ALLEGATIONS

The operative second amended complaint ("SAC") was filed on September 30, 2013. ECF No. 74. Plaintiff Manning, housed at California State Prison-Sacramento (CSP-Sac), is alleged to be the well-known author of 15 books. He presents two claims for relief: (1) retaliation for the exercise of First Amendment rights, and (2) conspiracy to retaliate for the exercise of First Amendment rights. Plaintiff alleges that because he has written and published works critical of

1

prison life and prison officials, and because he corresponds with public officials, files grievances and pursues litigation to vindicate his rights, defendants have threatened to transfer him, brought false allegations against him, interfered with his access to his publisher and to government officials, and stolen, destroyed, hidden, delayed and otherwise interfered with plaintiff's mail. Plaintiff seeks money damages, including punitive damages.

II.     MOTION TO DISMISS

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to defendant Schroeder, and for failure to exhaust administrative remedies under nonenumerated Rule 12(b) as to defendants O'Brien and Stratton.  Motion to Dismiss (MTD), ECF No. 85.

Plaintiff stipulates to the dismissal of defendants Schroeder and O'Brien.  Opposition (Opp.), ECF No. 88 at 1.  Plaintiff thus opposes the motion only as to defendant Stratton.  Id.

A.  Legal Standard Non-Enumerated FRCP 12(b)Motion to Dismiss

Pursuant to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a); see also Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases.") (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)).

Compliance with the exhaustion requirement is mandatory for any type of relief sought. Booth v. Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that

1  the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought
2  first in an available administrative grievance procedure.").

3  "Proper exhaustion demands compliance with an agency's deadlines and other critical
4  procedural rules[.]"  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  The PLRA's exhaustion
5  requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective
6  administrative grievance or appeal."  Id. at 83-84.  All steps must be completed before a civil
7  rights action is filed.  McKinney, 311 F.3d at 1200; but see Rhodes v. Robinson, 621 F.3d 1002
8  (9th Cir. 2010) (PLRA exhaustion requirement satisfied with respect to new claims within an
9  amended complaint so long as administrative remedies exhausted prior to filing amended
10  complaint).  "The level of detail necessary in a grievance to comply with the grievance
11  procedures will vary from system to system and claim to claim, but it is the prison's
12  requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones, 549
13  U.S. at 218.  Further,

> A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.

18  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also McCollum v. CDCR, 647 F.3d
19  870, 876 (9th Cir. 2011) ("While an inmate need not articulate a precise legal theory, a grievance
20  must alert the prison to the nature of the wrong for which redress is sought.").

21  The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative
22  defense that a defendant may raise in an unenumerated Rule 12(b) motion.  See Jones, 549 U.S. at
23  213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003).
24  The defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315
25  F.3d at 1119.  When a prisoner has not exhausted administrative remedies on a claim, "the proper
26  remedy is dismissal of the claim without prejudice."  Id. at 1120.

27  In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the
28  pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at 1119-20.

3

B. <u>California Prisons' Grievance Procedures</u>

California regulations allow a prisoner to appeal any action or decision by a prison official that adversely affects the prisoner's welfare. 15 Cal.Code Regs. § 3084.1(a). Prior to January 28, 2011, to exhaust a grievance, an inmate had to pursue his appeal through four levels, one "informal" and three "formal." <u>Id</u>. at §§ 3084.5, 3084.1(a) (2009); <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). An inmate was required to file the initial grievance within 15 working days of the action being appealed, and file each administrative appeal thereafter within 15 working days of receiving an adverse decision at a lower level. <u>Id.</u> at § 3084.6(c) (2009).

The CDCR's administrative exhaustion procedure was modified by amendment on December 13, 2010, becoming operative on January 28, 2011. See 15 Cal.Code Regs. § 3084.7. In order to exhaust, an inmate must proceed through the following levels of review: (1) first level written appeal on a CDCR 602 inmate appeal form ("appeal" or "602") (which level may be bypassed by the appeals coordinator in certain instances not implicated here), (2) second level appeal for review by "the hiring authority or designee at a level no lower than Chief Deputy Warden, Deputy Regional Parole Administrator, or the equivalent" and (3) third level appeal to the Secretary of the California Department of Corrections and Rehabilitation for review by the Office of the Chief of Inmate Appeals. 15 Cal.Code Regs. §§ 3084.2, 3084.7. The third level of review satisfies the exhaustion requirement. <u>Id.</u>

Under 15 Cal. Code Regs. § 3084.5(b)(4), an appeal describing illegal, unethical or otherwise improper staff behaviors may be processed as a routine appeal, a staff complaint appeal inquiry or referred to Internal Affairs for an investigation. An inmate is to be notified by the appeals coordinator that unrelated matters in an appeal processed as a staff complaint must be separately appealed in order to be resolved. <u>Id.</u> at § 3084.9(i)(2).[1]

---

[1] "When an appeal is accepted alleging staff misconduct that also includes any other issue(s), the appeals coordinator at the time the appeal is accepted as a staff complaint shall notify the inmate or parolee that any other appeal issue(s) may only be appealed separately and therefore resubmission of those issues is required if the intention is to seek resolution of such matters. Upon receiving such a notice, the inmate or parolee has 30 calendar days to submit separate appeal(s) regarding the other issue(s)." 15 Cal. Code Regs. § 3084.9(i)(2)

C. <u>Analysis</u>

Defendant Stratton contends that plaintiff failed to exhaust administrative remedies as to any claim against him. Defendant produces evidence that plaintiff filed forty-three inmate appeals between 2008 and September 30, 2013 (the filing date of the SAC). Of these, eight were withdrawn, one was cancelled, fourteen were granted in whole or (more often) in part, and twenty were denied, four of those at the third level. During the same time period plaintiff submitted thirty additional appeals that were screened out for procedural defects. MTD, ECF No. 85-2 (Declaration of J. Lynch, CSP-Sac appeals coordinator).

1. Exhaustion of Plaintiff's First Claim for Relief Against Stratton

In his First Claim for relief, plaintiff alleges specific retaliatory acts committed by the defendants individually. Here plaintiff alleges that on April 17, 2009, Stratton convinced plaintiff's cellmate Alonso Dearaujo to falsely claim that Manning had raped him. Dearaujo later admitted this was a lie which Stratton had put him up to. SAC ¶ 33(g). The First Claim for Relief also incorporates the allegation that on October 30, 2012, the first day after Stratton was assigned control of plaintiff's building, Stratton ordered plaintiff from work to lockdown in retaliation for plaintiff's books, correspondence with attorneys and officials and for filing the instant lawsuit. <u>Id.</u> at ¶14.

Defendant has made a preliminary showing that none of plaintiff's appeals that reached the third level complained of these incidents. Plaintiff has pointed to no appeal of either incident that might satisfy the exhaustion requirement. At argument on the motion, plaintiff's counsel acknowledged that neither of these discrete incidents had been appealed through the third level. Accordingly, the undersigned recommends that plaintiff's First Claim for Relief be dismissed for lack of exhaustion as against defendant Stratton.

2. Exhaustion of Plaintiff's Second Claim for Relief Against Stratton

Plaintiff's conspiracy claim presents a different situation. Plaintiff alleges that Stratton conspired with defendants Ralls, Wenker, Humphries and Johnson, as well as former defendant Jiminez, in a campaign to suppress plaintiff's speech by interfering with his mail and book sales and by subjecting him to harassment. The SAC makes specific allegations of statements made by

5

1    various co-conspirators reflecting the existence of an agreement among them.  See, e.g., SAC ¶

2    12 (statement by Ralls reflecting conspiracy with others including Stratton), ¶ 19 (statement by

3    Johnson reflecting conspiracy with others including Stratton).  The Second Claim for Relief

4    incorporates the various alleged acts of individual defendants as overt acts in furtherance of the

5    conspiracy.  Stratton is implicated in the systematic interference with plaintiff's mail, writing,

6    publishing, and access to public officials and the courts.

7       Defendant contends in essence that the conspiracy claim as to Stratton is unexhausted

8    because no inmate appeal or combination of appeals exhausted every conspiracy-related

9    allegation as to him.  That is not the standard, however.  Plaintiff is required to exhaust his

10   administrative remedies in such a way as to provide prison officials with "adequate notice of the

11   problem for which the prisoner seeks redress."  Griffin, 557 F.3d at 1120.  Here, that problem was

12   a conspiracy of harassment intended to stop plaintiff from writing, publishing, and complaining.

13   Because the conspiracy claim was newly added in the Second Amended Complaint, it must have

14   been exhausted prior to the filing of that pleading on September 30, 2013.  See Rhodes, supra,

15   621 F.3d 1002.

16      Plaintiff contends that the requisite notice of the conspiracy claim against Stratton was

17   provided by three grievances that were filed prior to the Second Amended Complaint: Log No.

18   SAC-09-01147; Log No. SAC-12-01401; and Log No. SAC-13-00336.  ECF No. 88 at 4.  The

19   court discusses these in turn.

20              a.    Log No. SAC-12-01401

21      This appeal, filed May 14, 2012 and denied at the third level, alleges "threats to transfer,

22   lock up and retaliate."  Def. Ex. 36, ECF No. 85-11 at 12.  In it plaintiff recounts specific

23   retaliatory threats made by Officer Clink on behalf of an unspecified group of prison staff, as

24   reflected by the use of the first person plural:

25   > [Officer Clink] said he is a friend of A.W. Mike Bunnell and they
26   > have friends in every prison.  And if I don't forget book writing
27   > he'd be sure I'd get locked up and/or transferred.  He stated that the
28   > "mail scam was not about you.  We stole 200 inmates mail.  You
     > are not special.  But this is Folsom.  We will lock you up and
     > pretend it is for your safety.  We will give you a celly that we
     > choose and use him to set you up.  We'll use a 'kite' to set you up.

1  |  Leave the book writing alone.  And don't mention mail anymore. . .
2  |  And we will leave you alone."

3  Id. at 13.

4  Plaintiff requested an investigation into the extent of the conspiracy against him.  Id.  In submitting the appeal to the second level, plaintiff alleged that the retaliation was continuing and specifically named defendant Stratton as one of the conspirators: "When Sgt. Stratton takes over Bldg 8 (in October) they will get me.  I must stop writing books."  Id. at 14.  In taking the appeal to the third level plaintiff again elaborated his allegations and named additional officers, defendants here, who were alleged to have participated in the plot against him.  Id. (naming Officers Crouch and Wenke).  Contrary to defendant's argument, the addition of details during the course of an appeal does not defeat exhaustion.  Plaintiff did not change the substance of his complaint, or add details that rendered the issue entirely new.  See 15 Cal. Code Regs. § 3084.6(b)(16) (appeal may be rejected when "[t]he appeals issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required levels of review and assessment have thereby been circumvented.").

This appeal put prison officials on notice that plaintiff alleged a conspiracy among institutional staff, including defendant Stratton, to retaliate against him for his writing and his appeals of issues with the mail.  Plaintiff's failure to identify Stratton by name at the first level is not fatal to exhaustion.  See Jones, 549 U.S. at 217 ("[N]othing in the [PLRA] imposes a "name all defendants' requirement.").  This appeal alleged with reasonable specificity the existence of an organized campaign to punish plaintiff for protected conduct by interfering with his mail, locking him up, transferring him, and setting him up for false charges.  Accordingly, the undersigned finds that this appeal exhausted the conspiracy claim.

b.  Log No. SAC-13-00336

This appeal, which was pursued through the third level, challenged the opening of legal mail ("2 missives from Yale Law School") outside plaintiff's presence.  Plaintiff asked for a mail room audit "to ensure mail is not being stashed, stolen and shredded again."  Def. Ex. 42, ECF No. 85-12 at 29.  This request for action made it clear that plaintiff was complaining not only

7

about the handling of two specific pieces of mail, but about the handling of mail generally. In pursuing the appeal to the second and third levels, plaintiff explained that the interference with his mail was part of an ongoing pattern of retaliatory conduct involving Couch, Wenke, Bunnell, Statton, et al. Id. at 30-32. This appeal provided additional notice of plaintiff's conspiracy claim and of defendant Statton's alleged involvement in the conspiracy.

c. Log No. SAC-09-01147

Plaintiff points to this appeal of a forfeiture of credits and canteen privileges, in which he alleged that due process had been violated in relation to a disciplinary the hearing. Def. Ex. 10, ECF No. 85-4 at 57.[2] The underlying disciplinary charge of Delaying a Peace Officer's Duties had been brought by Sgt. Statton. Id. at 65-67. Because the appeal addressed the violation of time limits and other procedural matters related to the disciplinary process, and did not substantively challenge the disciplinary charge or Sgt. Statton's conduct, this appeal had no exhaustion effect as to plaintiff's conspiracy claim.

d. Log No. SAC-13-00817

Although not raised by plaintiff, the court has identified this appeal as relevant to the exhaustion analysis. The appeal complained of a missing or undelivered book, and specifically alleged that the book was withheld in retaliation for plaintiff's "lawsuit against the mailroom." Def. Ex. 43, ECF No. 85-12 at 36-37. In his explanation of the issue, plaintiff wrote: "On 3/13/13 Sgt. Stratton stated that my books and mail will continue to come up missing until I drop my lawsuit against him. Stratton stated I could end up transferred, in ad-seg and/or with a new celly if I did not drop my lawsuit against him." Id. at 37. He also commented, "Sgt. Stratton must be instructed to discontinue retaliating and the mailroom also must cease stealing my mail." Id. The latter comment was included in the explanation of the issue. Under "action requested," plaintiff stated that he wanted his book either delivered or replaced. Id.

This appeal was partially granted at the second level, and plaintiff was reimbursed for the book. Id. at 52-53. Having received relief, plaintiff was not obliged to pursue the matter to the

---

[2] Plaintiff's citation to the relevant exhibit, ECF No. 88 at 4, is inaccurate.

1   third level in order administratively exhaust. See Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir.
2   2010) ("[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that
3   satisfies him, in order to exhaust his administrative remedies."). Defendant argues that the partial
4   grant at the second level exhausts only the issue of the undelivered book and not the claim of
5   retaliation by Stratton, but at hearing on the motion counsel for defendant was unable to identify
6   any further relief that plaintiff could have obtained by pursuing the matter further. Accordingly,
7   further exhaustion was not required. See Brown v. Valoff, 422 F.3d at 935 (an inmate "need not
8   press on to exhaust further levels of review" if he has received all "available" remedies at an
9   intermediate level or "been reliably informed" by an official that no such remedies are available).

10  Consideration of these inmate appeals leads to the conclusion that plaintiff
11  administratively exhausted his claim that Sgt. Stratton conspired to retaliate against him. Log
12  Nos. SAC-12-01401, SAC-13-00336 and SAC-13-00817 were sufficient to "alert[] the prison to
13  the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d at 1120.
14  Accordingly, the court need not and does not address the factual dispute created by the parties'
15  competing declarations on the question whether plaintiff attempted to file an appeal in February
16  of 2013 alleging that defendant Stratton had pulled a baton on plaintiff and threatened him.[3]

17  CONCLUSION

18  For the reasons explained above, defendant Stratton's motion to dismiss should be granted
19  as to the first claim for relief and denied as to the second claim for relief. Because defendant
20  Stratton has already answered the Second Amended Complaint, there need be no further order in
21  that regard. Because the motion to dismiss is unopposed as to defendants Schroeder and O'Brien,
22  it should be granted in full as to them.

23  Accordingly, IT IS RECOMMENDED that the motion to dismiss brought by defendants
24  Schroeder, Stratton and O'Brien (ECF No. 85) be granted in part and denied in part as follows:
25  1. Granted as to defendants Schroeder and O'Brien;
26  2. Granted as to Claim 1 against defendant Stratton; and

---

[3] See ECF No. 88-1 (Declaration of Plaintiff Sherman Manning); ECF No. 89 at 7-8 (Declaration of T. Woods); ECF No. 89 at 10-11 (Declaration of B. Arent).

      3. Denied as to Claim 2 against defendant Stratton.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE