UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING, | No. 2:12-cv-2440 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| M. BUNNELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. On June 9, 2014 and June 11, 2014, plaintiff filed motions for reconsideration (ECF Nos. 110 and 111) of the order filed on June 5, 2014 (ECF No. 100). These requests for reconsideration are now pending before the district judge.

Because the preceding motions have as their subject plaintiff's concern about proceeding without counsel, and contained some material arguably implicating the attorney-client privilege, the court instructed that they be placed under seal. However, plaintiff has also recently mailed to the court a document regarding how his legal material is being handled, along with a request that a supporting affidavit, unrelated the attorney-client issue, be placed under seal. This document in its entirety will be returned to plaintiff. If plaintiff chooses, he may file the document in the public record. However, as to that portion which he seeks to have sealed, plaintiff is advised that he must comply with E.D. Local Rule 141 which governs the procedures for the sealing of

documents.

An order sealing documents issues only where the requesting party has made "the showing required by applicable law." L.R. 141(a).  Under L.R. 141(b), the "Request to Seal Documents" to be submitted by the party seeking the sealing order:

> shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also shall set forth the basis for excluding any party from service. The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted).  The Ninth Circuit confirms that there is "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)).  "This right extends to pretrial documents filed in civil cases." Estate of Migliaccio v. Allianz Life Ins. Co. (In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Lit.), 686 F.3d 1115, 1119 (9th Cir.2012) (per curiam ).  A party must make "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)" to have documents attached to a non-dispositive motion filed under seal.  In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012) (citing Foltz, 331 F.3d at 1135, 1138).  However, a party seeking to seal from public view judicial records pertaining to a dispositive motion must meet a "compelling reasons" standard.  Pintos v. Pacific Creditors Assn., 605 F.3d 665, 678 (9th Cir. 2010)."  In any event, plaintiff will not be allowed to file documents in future absent compliance with L.R. 141.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motions for reconsideration (ECF Nos. 110 and 111) have been placed under seal;

2.  In future, no document for which plaintiff requests sealing will be placed under seal absent compliance with L.R. 141;

3.  Documents mailed by plaintiff to the court for which plaintiff requests sealing in part or in whole, absent compliance with L.R. 141, will not be filed but rather will be returned to plaintiff.

DATED: June 13, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE