UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING,<br><br>   Plaintiff,<br><br>   v.<br><br>M. BUNNELL, et al.,<br><br>   Defendants. | No. 2:12-cv-2440 MCE AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983. Plaintiff has filed a document containing multiple putative motions. ECF No. 115.[1] Plaintiff evidently seeks: (1) an order from the court directing defendants' counsel and the prison litigation coordinator to allow plaintiff to call and consult with Attorney Bob Blasier while plaintiff is being deposed on June 27, 2014; (2) an order that defendants be made available for plaintiff to depose them "on the second Monday in July"; (3) leave to amend the second amended complaint; and (4) a temporary restraining order prohibiting a non-defendant correctional officer from handling plaintiff's mail or entering his cell. Id.

////

---

[1] These "motions" in the form of a letter directed to the Clerk of the Court are dated June 18, 2014; a certificate of service is not attached. This document is file-stamped June 25, 2014 and was entered into the case docket on June 26, 2014.

1

I.      Requests Regarding Discovery

Plaintiff is now proceeding pro se.  Mr. Blasier and plaintiff have not filed any motion for Mr. Blasier to be substituted in as counsel.  Nor has Mr. Blasier indicated to this court his wish for even a limited appointment -- for the purpose of discovery, for example.  Accordingly, the court will not direct defendants' counsel to allow plaintiff to consult with Mr. Blasier during his deposition.

As for taking defendants' depositions, plaintiff appears to be seeking to circumvent the applicable procedures and/or asking the court to act as his counsel.  Plaintiff is informed Federal Rule of Civil Procedure 30 governs the procedures for taking a deposition by oral examination.  A deposition must be properly noticed pursuant to Rule 30(b)(1).  Under Rule 30(b)(3), the party noticing the deposition must set forth "in the notice the method for recording the testimony" and is responsible for the costs of recording.  Plaintiff's requests regarding his own deposition and the taking of defendants' depositions must be denied.

II.     Request for Leave to Amend

This matter is proceeding on plaintiff's second amended complaint against defendants Stratton, Humphries, Johnson, Ralls, May, Couch and Wenker.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiff may amend "only with the opposing party's written consent or the court's leave."  Plaintiff asks the court for leave to amend, contending that mail between himself and his attorneys was held, stolen or shredded and therefore "several documents" he mailed were not included in the complaint. ECF No. 115 at 2.  Plaintiff did not submit a proposed amended complaint or make any showing that amendment is appropriate under Rule 15.  Plaintiff's request for leave to amend is wholly deficient and will be denied.

III.    Temporary Restraining Order

Plaintiff contends without any supporting affidavit that Correctional Officer Jimmy McCartney, who is not a party to this lawsuit, is acting in collusion with certain former and current defendants in tampering with, reading and stealing plaintiff's legal mail and ransacking his cell. ECF No. 115 at 4.  He states that C/O McCartney has told him that he will not stop tampering with his mail unless plaintiff drops this lawsuit.  Id.  Plaintiff also states that he

1  reported McCartney to a Lieutenant Jennings on June 22, 2014 and that the lieutenant "has

2  followed up….." Id.  It is unclear what the result has been.  Plaintiff asks this court on this basis

3  to issue a TRO prohibiting a non-party from handling his mail or entering his cell.[2]

4        The request is procedurally defective in several ways.  Temporary restraining orders are

5  governed by Fed.R.Civ.P. 65(b), which impose procedural requirements that plaintiff clearly has

6  not met.  See Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

7  Rule 65(b)(1) permits issuance of a TRO only if: (A) specific facts in an affidavit or a verified

8  complaint clearly show that immediate and irreparable injury ... will result to the movant before

9  the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing

10 any efforts made to give notice and the reasons why it should not be required."  The certification

11 required by this rule is not provided.  Moreover, plaintiff has provided no affidavits or exhibits,

12 and has not alleged any specific facts, to demonstrate the risk of immediate and irreparable injury.

13       If construed as a request for preliminary injunctive relief under Rule 65(a), plaintiff's

14 request is equally defective.  As noted, plaintiff's allegations are unsupported by affidavit or

15 evidence.  Relief is sought against a party over whom the court has no jurisdiction, and who – as

16 far as the court can determine – has had no notice of the request.  Plaintiff fails to address the

17 traditional factors governing injunctive relief.  See Oakland Tribune, Inc. v. Chronicle Publishing

18 Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985).  He provides no specific facts to show that

19 C/O McCartney is acting "in active concert or participation" with defendants.  See Rule

20 65(d)(2)(C); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

21       Because plaintiff's request does not properly present a motion for preliminary injunctive

22 relief, it will be vacated as procedurally defective.

23       Accordingly, IT IS HEREBY ORDERED that:

24       1. Plaintiff's requests (ECF No. 115) regarding his deposition and the taking of

25 depositions of the defendants are denied;

26       2. Plaintiff's deficient motion for leave to amend (ECF No. 115) is denied;

---

[2] Injunctive relief, whether temporary or permanent, cannot be had against a non-party. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

3.  Plaintiff's deficient motion for injunctive relief (ECF No. 115) is vacated.

DATED: June 26, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE