UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN D. MANNING,

Plaintiff,

v.

M. BUNNELL, et al.,

Defendants.

No. 2:12-cv-2440 MCE AC P

ORDER

Plaintiff is a state prisoner proceeding pro se pursuant to 42 U.S.C. § 1983. Plaintiff has filed a one-page, extremely spare and barely legible document entitled "motion for emergency injunction." ECF No. 177. Plaintiff has previously filed numerous such requests for relief.

*Motion*

Plaintiff contends that defendant is transferring him "to cause irreparable harm." ECF No. 177. Plaintiff evidently seeks a pre-emptive order from the court precluding any such transfer. He does not submit a declaration under penalty of perjury in support of his purported motion, nor does he provide evidence in the form of any exhibit to indicate that he is in fact subject to an imminent transfer.

*Preliminary Injunction Standards*

"A preliminary injunction is an 'extraordinary and drastic remedy'... never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689 90 (2008) (internal citations omitted). "A plaintiff

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

*Motion Defective*

As a request for preliminary injunctive relief, plaintiff's request is wholly defective. As noted, plaintiff's allegations are unsupported by affidavit and exhibits. More fundamentally, plaintiff fails to identify specific facts that might support the factors governing injunctive relief. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. at 20. Plaintiff does not even make a threshold showing that he is subject to an imminent transfer. Plaintiff also fails to demonstrate how a prison transfer, even if shown to be imminent rather than speculative, would have a significant negative impact on his ability to proceed in this litigation.

Because plaintiff's request for preliminary injunctive relief is entirely defective, it will be vacated.

Accordingly, IT IS HEREBY ORDERED that plaintiff's putative "motion for emergency injunction," ECF No. 177, is VACATED.

DATED: November 10, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE