| | |
|---|---|
| SHERMAN D. MANNING, | No. 2:12-cv-2440 MCE AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| M. BUNNELL, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel, ECF No. 132, which both sets of defendants have opposed. ECF Nos. 145, 155.

<u>PLAINTIFF'S ALLEGATIONS</u>

The operative second amended complaint ("SAC") was filed on September 30, 2013. ECF No. 74. Plaintiff Manning, housed at California State Prison-Sacramento (CSP-Sac), is alleged to be the well-known author of 15 books. He presents two claims for relief: (1) retaliation for the exercise of First Amendment rights, and (2) conspiracy to retaliate for the exercise of First Amendment rights. Plaintiff alleges that because he has written and published works critical of prison life and prison officials, and because he corresponds with public officials, files grievances and pursues litigation to vindicate his rights, defendants have threatened to transfer him, brought false allegations against him, interfered with his access to his publisher and to government

officials, and stolen, destroyed, hidden, delayed and otherwise interfered with plaintiff's mail. Plaintiff seeks money damages, including punitive damages.

Defendants Humphries, Johnson, Ralls and Wenker answered the second amended complaint on October 10, 2013. ECF No. 75. Defendants May, Schroeder, Couch, Stratton, and O'Brien filed their answer on November 14, 2013. ECF No. 78. Defendants Schroeder and O'Brien were subsequently dismissed, and the case proceeds against defendant Stratton on the conspiracy claim only. See ECF No. 91 (Findings and Recommendations on motion to dismiss), ECF No. 113 (order adopting Findings and Recommendations). Both sets of defendants have filed motions for summary judgment, ECF Nos. 168, 171, which plaintiff has not yet opposed.

## MOTION TO COMPEL

I.   Standards Governing Discovery

The scope of discovery under Fed.R.Civ.P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly burdensome. Fed.R.Civ.P. 26(b)(2)(C)(i), (ii) and (iii). The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible," United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to answer an interrogatory submitted under Fed.R.Civ.P. 33, or fails to produce documents requested under Fed.R.Civ.P. 34, the party seeking discovery may move for compelled disclosure. Fed.R.Civ.P. 37. The party seeking to compel discovery has the burden of

1   establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  The party
2   opposing discovery then has the burden of showing that the discovery should be prohibited, and
3   the burden of clarifying, explaining or supporting its objections.  Bryant v. Ochoa, 2009 WL
4   1390794 at * 1 (S.D.Cal. May 14, 2009).  The opposing party is "required to carry a heavy burden
5   of showing" why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429
6   (9th Cir.1975).

   II.     Discussion
       A.   The Discovery Dispute

   The discovery propounded upon the defendants was evidently prepared by plaintiff's former counsel, Jeffrey Kravitz.  On December 19, 2013, the court filed a Scheduling Order, ECF No. 82, which was modified by order filed on June 5, 2014.  ECF No. 100.  As of June 5, 2014, plaintiff has been proceeding pro se and the case has been governed by Local Rule 230(l).  Id. The June 5 order permitted plaintiff until July 31, 2014 to file a motion to compel responses or further responses to discovery requests propounded for him by Attorney Kravitz and/or to file a motion for leave to serve additional requests.  The instant motion was timely filed.

   Plaintiff moves the court for an order compelling the defendants to respond to his requests, but he fails to identify the specific requests and responses he seeks to put at issue. Plaintiff also fails to fully explain the deficiency of each response, or how the requests seek information reasonably calculated to lead to the discovery of admissible evidence.  Motion to Compel (MTC), ECF No. 132.  While apparently intending to seek fuller discovery responses from all defendants, plaintiff attaches only a short excerpt of interrogatories and responses from defendants May and Couch.  It is helpful to note here that there are two groups of defendants represented by separate counsel.  Defendants Stratton, May and Couch are represented by Deputy Attorney General Kelli Hammond.  Attorney Kristina Doan Gruenberg represents defendants Humphries, Johnson, Ralls and Wenker.  Notwithstanding the deficiencies of plaintiff's motion, it is sufficiently clear that he objects to what he characterizes as the refusal by counsel for defendants Couch, May and Stratton to identify any work-related discipline to which these defendants have been subjected.  MTC, ECF No. 132 at 1.  He also takes issue with the response

3

of defendants Humphries, Johnson, Ralls and Wenker to the inquiry related to workplace discipline. Id.

### B. No Requirement for Pro Se Prisoner to Meet and Confer

On June 5, 2014, the scheduling order was amended in light of the withdrawal of counsel. ECF No. 100. Because plaintiff now proceeds pro se, the case is governed by Local Rule 230(l). Defendants Humphries, Johnson, Ralls and Wenker argue that the motion to compel should be denied because plaintiff failed to meet and confer prior to filing the motion. Opposition (Opp.) 1, ECF No. 145 at 2; Declaration of Kristina Doan Gruenberg, ECF No. 145-1 at ¶ 6. This court does not enforce the meet and refer requirements of Local Rule 251(b) in pro se prisoner cases. An order to that effect is routinely issued in cases filed by pro se prisoners. Although the undersigned failed to specify in the amended scheduling order that the meet and confer requirement was prospectively excused, it will not be enforced here in light of plaintiff's pro se status and does not provide grounds for denying the motion.

### C. No Requests for Production of Documents Served

To the extent plaintiff is seeking production of documents, he fails to make a threshold showing that any such requests were ever served. Under Rule 34, a party may request the production of documents "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a); Rockwell Int'l. Corp. v. H. Wolfe Iron & Metal Co., 576 F.Supp. 511, 512 (W.D.Pa.1983). The request is sufficient if the documents or things to be produced are described by item or category with "reasonable particularity" in the request. Fed.R.Civ.P. 34(b)(1)(A). Counsel for both sets of defendants represent, and plaintiff does not deny, that no request for production of documents was served on any defendant. ECF No. 145-1 at 2, Declaration of Kristina Doan Gruenberg ¶ 4; Opp., ECF No. 155 at 2. Accordingly, the motion is denied as to non-existent requests for production.

### D. Requests for Admission

Under Rule 36(a)(1), a written request may be served by a party on any other party seeking the truth of matters within the scope of Rule 26(b)(1), which relate to "facts, the application of law to fact, or opinions about either" and to "the genuineness of any described

4

documents." Under Rule 36(a)(3), unless a signed written answer or objection to a matter is served timely upon the requesting party, the matter is admitted. The requesting party may move under Rule 36(1)(6) for the court to determine the sufficiency of an answer or objection.

Plaintiff has not identified any specific requests for admission or argued how any responses were deficient. Accordingly, to the extent if any that plaintiff seeks further responses to requests for admission, the motion is denied as unsupported.

E.  Interrogatories

Although plaintiff provides only a very limited "sample" copy of the responses by defendants Couch and May to plaintiff's interrogatories, these defendants provide the questions and responses in full. Opposition by defendants May, Couch and Stratton (Opp. 2), ECF No. 155. Plaintiff seeks a further response to two interrogatories directed toward defendants Couch and May, as follows.

> **Int. No. 3:** State the case name, case number and Court of every litigation matter including civil, criminal and administrative, that you have been named as a party in any capacity.
>
> **Response:** Responding party objects to this request on the grounds that is overly burdensome, overly broad in the Defendant may have been named in a civil matter and dismissed prior to being served, vague as to what type of lawsuit, is immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, a copy of the Public Access to Court Electronic Records is being produced as Attachment 1.

Defendants Couch, May and Stratton in their opposition also assert that plaintiff seeks information going to the defendants' character, normally inadmissible in a civil rights matter. Opposition (Opp.) 2, ECF No. 155 at 19, 26, citing Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 2009). Nevertheless, although defendants Couch and May have interposed objections, they also have each provided a print-out from a Public Access to Court Electronic Records (PACER) search. Opposition (Opp.) 2, ECF No. 155 at 19, 26. In his motion, plaintiff concedes that counsel Hammond had represented that a case list would be provided but protests that, at that time the motion was filed, it had not been done. ECF No 132 at 1. In opposition, defendants May, Couch and Stratton demonstrate that plaintiff has been served with the PACER printouts. As to defendants May and Stratton, there were no civil cases with either named as a party.

1    In the case of defendant Couch, two civil actions were identified: Case No. 2:07-cv-1989,
2 closed on 4/1/10 and Case No. 1:08-cv-1621, closed on 1/24/13. ECF No. 155 at 12. The
3 interrogatories sought only the identity of such cases with no accompanying request for
4 production of documents. Nevertheless, the court takes judicial notice of both cases.[1] In Case
5 No. 2:07-cv-1989 JAM JFM, defendant Couch was one of several correctional officer plaintiffs in
6 a civil action alleging free speech, due process and RICO violations by a number of prison
7 officials. In Case No. 1:08-cv-1621 LJO SAB, Couch was also a plaintiff in an action that
8 appears to be related to matters at issue in the earlier filed complaint. No information related to
9 these cases could be construed as reasonably calculated to lead to the discovery of admissible
10 evidence in the instant action.

11    It is not clear from defendants' responses, however, that there have been no criminal
12 proceedings against these defendants resulting in conviction, and no administrative actions
13 resulting in adverse findings. The only search that appears to have been conducted was limited to
14 civil actions. Rule 404(a)(1) of the Federal Rules of Evidence does prohibit admitting evidence
15 of character "to prove that on a particular occasion the person acted in accordance with the
16 character or trait." However, Rule 406 permits admission of a person's habit or routine, Rule 607
17 allows a witness's credibility to be attacked by any party and Rule 609 permits impeachment by
18 way of an attack on a witness's character for truthfulness by evidence of a criminal conviction in
19 certain circumstances. Defendants Couch, May and Stratton must supplement their response to
20 identify and indicate the nature of any criminal conviction or administrative action resulting in an
21 adverse finding against them, if any.

22    Plaintiff concedes that defendants Humphries, Johnson, Ralls and Wenker have provided a
23 list of cases in which these defendants were a party. ECF No. 132 at 1; see also, ECF No. 145-1
24 at 24-25, 32-33, 41-42, 49-50, Exhibit B, individual responses to Interrogatory No. 3 directed to
25 defendants Humphries, Johnson, Ralls and Wenker. However, it is similarly unclear whether
26 these defendants have included any criminal conviction or sustained administrative actions, if

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

6

any.  The motion as to Interrogatory No. 3 is granted as to defendants only as narrowed here and is otherwise denied.

The only other specific interrogatory directed to defendants May and Couch for which plaintiff provided an exhibit is as follows:

> **Int. No. 4:** State the date and reason for any workplace discipline that you have received as an employee of the California Department of Corrections and Rehabilitation.
>
> **Response:** Not applicable.

Defendants May, Couch and Stratton in their opposition object to this interrogatory as vague and overbroad as well as on the basis that it goes to character; however, they also maintain that the request is inapplicable as to them.  According both to the personnel office and these defendants, they have been subjected to no disciplinary action.  Opp. 2, ECF No. 155, at 2-3.  The court cannot compel a further response in light of the representation that there have been no disciplinary actions.

Plaintiff propounded the same interrogatory on defendants Humphries, Johnson, Ralls and Wenker, who have all posited the same objections.  ECF No. 145-1 at 25, 42, 50, Exhibit B (individual responses to Interrogatory No. 4 directed to defendants Humphries, Ralls and Wenker[2]):

> Objection.  This request seeks irrelevant information not calculated to lead to the discovery of admissible evidence.  This request is compound, and assumes facts not in evidence.  This request is vague and ambiguous as to the term "work-related discipline" as this term is not defined.  This request is harassing and overly broad in time and scope.  Further, this request impermissibly seeks confidential peace officer information within the meaning of California Penal Code section 832.7 and the California Peace Officer's Bill of Rights, violated the procedures outlined in Evidence Code sections 1043 and 1045 and violates the official information privilege established by the analogous federal case law.  Moreover, any relevant information should only be produced pursuant to a protective order.  Accordingly, no response is provided hereto.

---

[2] Objections raised by defendant Johnson as to this interrogatory do not invoke Cal. Pen. Code § 832.7, the California Peace Officer's Bill of Rights or Cal. Evid. Code §§ 1043 and 1045 but are otherwise identical.  ECF No. 145-1 at 33.

To the extent these defendants object on relevance grounds, the objection is overruled for the reasons stated above. The overbreadth objection is overruled because overbreadth concerns are adequately addressed by the court's narrow tailoring of the order to compel. The court now turns to the privilege issue.

    F.   Invoking Privilege

Defendants claim of privilege under California law is based upon sections of the California Penal and Evidence Codes. However, this "civil rights action was instituted in federal court under a federal statute, 42 U.S.C. § 1983, which was enacted particularly to vindicate federal rights against deprivation by state action." Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975) aff'd, 426 U.S. 394 (1976) (citing Monroe v. Pape, 365 U.S. 167, 180 (1961)).[3]

Privileges are narrowly construed because they impede the full and fair discovery of the truth. Eureka Fin. Corp. v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 183 (E.D.Cal.1991). Further, the party asserting a privilege has the burden to establish that it applies. See e.g., United States v. O'Neill, 619 F.2d 222, 227 (3rd Cir.1980). Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto v. City of Concord, 162 F.R.D. 603, 614–15 (N.D.Cal.1995); Hampton v. City of San Diego, 147 F.R.D. 227, 230-31 (S.D.Cal.1993); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D.Cal.1992). In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds, 426 U.S. 394 (1976). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D.Cal.1987).

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir.1990) ("[g]overnment personnel files are

---

[3] Monroe was overruled on another ground by Monell v. Dep't. of Soc. Servs. of City of New York, 436 U.S. 658, 700-01 (1978).

8

considered official information."). This qualified privilege "must be formally asserted and delineated in order to be raised properly." Kerr, 511 F.2d at 198 (internal citations omitted). To properly invoke the official information privilege, "[t]he claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Id.

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal.1995). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Id. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller, 141 F.R.D. at 300. Once the threshold showing that the official privilege applies, the court balances the interests and decides whether the conditional privilege applies. "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1033-34; see also Martinez v. City of Stockton, 132 F.R.D. 677 (E.D.Cal.1990). "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D.Cal.1993).

In this instance, defendants have failed to make the threshold showing required to invoke

9

the balancing test.

While the court will not condone the use of discovery to embark on a fishing expedition, Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004), plaintiff's allegations contain multiple claims of ongoing misconduct regarding the defendants.  Defendants Humphries, Johnson, Ralls and Wenker must supplement their response to Interrogatory No. 4 by identifying each adverse disciplinary action that was sustained against any of them during their CDCR employment, if any exist.

All defendants must provide their supplemental responses within twenty-one days.  Prior to supplementing the responses, defendants may submit a proposed protective order but must do so no later than fourteen days from the date of this order.

III.     Plaintiff's Miscellaneous Requests

A. Objection to Sealing Exhibit C

By order filed on November 7, 2014 following in camera review, the undersigned granted the request by defendants May, Couch and Stratton to file under seal Exhibit C to these defendants' Statement of Undisputed Facts.  ECF No. 178.  The document is a confidential memorandum from petitioner's central file concerning an investigation into some of plaintiff's alleged activities and associations, and which identifies individuals with no involvement in the prison system.  The court determined that the information contained in the memorandum could pose a risk to institutional security if publically filed.

Plaintiff has objected to the sealing of the document, asserting without supporting authority that because this is a civil and not a criminal case, the exhibit cannot be sealed and used in support of defendants' summary judgment motion.  ECF No. 181.

The court's review of the document assures the undersigned that plaintiff is aware of its substance from other sources.  ECF No. 190. Within the document plaintiff is noted as having been served with a CDCR 128-B for unwanted correspondence on November 1, 2012.  In addition, it is also noted in the confidential memorandum that plaintiff was to receive a CDCR-115, serious rules violation report "for circumventing the confidential mail system."  The November 7, 2012 RVR which appears to be the referenced disciplinary report for

"circumventing legal mail procedures" is included as an open exhibit to the summary judgment motion brought by defendants May, Couch and Stratton. ECF No. 171-4 at 48-52 (plaintiff was found not guilty of the charge). Accordingly, the core facts addressed in the sealed memorandum have been provided to plaintiff in other documents and proceedings.

There is a "strong presumption in favor of access" to court records and a party asking that a judicial record be sealed "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003) ("compelling reasons" must support the sealing of documents submitted in support of a dispositive motion). The undersigned finds that "compelling reasons" militate for the continued sealing of the document at issue and for its non-disclosure both to the pro se inmate plaintiff and to the public. The document contains details that could expose plaintiff, other inmates, civilians and prison staff to harassment or threat, without bearing on the merits of this action in any significant manner.

B.  Repeated Request for Appointment of Counsel

Plaintiff has again requested the appointment of counsel. Plaintiff's fourth retained counsel in this matter was permitted to withdraw, as noted, by order filed on June 5, 2014. ECF No. 100. Since that time, plaintiff's several motions for reconsideration of the order granting plaintiff's counsel's motion to withdraw and denying plaintiff appointment of new counsel were denied by Chief Judge England. ECF No. 128. A fourth request for reconsideration of the order denying him appointment of counsel was deemed frivolous and was disregarded. See ECF No. 131.

Plaintiff bases his latest request on the premise that counsel should be appointed for the purpose of arguing against use of the sealed or "secret document" referenced immediately above. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017

1   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

2   The test for exceptional circumstances requires the court to evaluate the plaintiff's
3   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
4   light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th
5   Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v.
6   Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.
7   1983).  The court does not find the narrow purpose for which plaintiff seeks counsel to rise to the
8   level of an exceptional circumstance warranting a request for voluntary assistance of counsel.
9   Plaintiff's request for appointment of counsel will be denied.

10            C.  Request for Extension of Time

11   Plaintiff has requested a second 60-day extension of time to file his opposition to the
12   pending summary judgment motions.  ECF No. 185.  Following proof of service by defendants
13   that their supplemental discovery responses, as ordered herein, have been served upon plaintiff,
14   plaintiff will have an additional sixty days to oppose both summary judgment motions.

15            Accordingly, IT IS ORDERED that:

16            1. Plaintiff's motion to compel further responses to discovery, ECF No. 132, is
17   GRANTED IN PART AND DENIED IN PART as follows:

18                a. All defendants shall supplement their responses to Interrogatory No. 3 by identifying
19   any criminal convictions or adverse findings sustained in administrative proceedings.
20   Supplemental responses must be served within twenty-one days; any proposed protective order
21   must be submitted within fourteen days.

22                b. Defendants Humphries, Johnson, Ralls and Wenker shall supplement their responses
23   to Interrogatory No. 4 by identifying any adverse disciplinary actions that were sustained during
24   their CDCR employment.  Supplemental responses must be served within twenty-one days; any
25   proposed protective order must be submitted within fourteen days.

26                c. In all other respects, the motion to compel is DENIED.

27            2. Plaintiff's objection to the sealing of defendants' Exhibit C, ECF No. 181, is
28   OVERRULED;

3. Plaintiff's motion for appointment of counsel, ECF No. 186, is DENIED; and

4. Plaintiff's motion for a sixty-day extension of time to oppose the pending motions for summary judgment, ECF No. 185, is GRANTED.  Upon defendants' filing of a proof of service of their supplemental discovery responses, plaintiff will have an additional sixty days to file his opposition to both dispositive motions.

DATED: December 19, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE