UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. BUNNELL, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-02440-MCE-AC-P<br><br><br><br>**ORDER** |

　　　　On December 22, 2014, the magistrate judge issued an order, ECF No. 192, granting in part Plaintiff Sherman D. Manning's ("Plaintiff") motion to compel, ECF No. 132.  Presently before the Court is Defendants' Motion for Reconsideration ("Motion") of the magistrate judge's order.  ECF No. 201.  For the following reasons, the Motion is DENIED.

　　　　Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."  Id.  Plaintiff's motion to compel requested an order requiring that Defendants respond to his request for disclosure of any incidents of workplace discipline and any past civil, criminal, or administrative cases to which they were parties.  ECF No. 132 at 1-5.  The magistrate judge granted the motion in part and required that: (1) Defendants supplement their responses to Interrogatory No. 2 by identifying any criminal convictions or adverse findings sustained in administrative

proceedings; and (2) Defendants Humphries, Johnson, Ralls, and Wenker supplement their responses to Interrogatory No. 4 by identifying any adverse disciplinary actions that were sustained during their CDCR employment.  ECF No. 192 at 12.  Subsequently, pursuant to Defendants' request, the magistrate judge issued a protective order governing permissible and impermissible disclosure by Plaintiff of the workplace discipline and/or criminal or administrative adverse findings (collectively "Confidential Information").  ECF No. 199.

Defendants request reconsideration on the grounds that there is new evidence Plaintiff will violate the protective order by disclosing the Confidential Information, and that the Confidential Information is irrelevant because it has no bearing on Defendants' pending motion for summary judgment.  ECF No. 201 at 5.

As to Defendants' first argument, they point specifically to Plaintiff's statement in his opposition to the proposed protective order that the "public . . . ha[s] the right to know [Defendants'] past conduct" and that Plaintiff would appeal the granting of a protective order to the Ninth Circuit.  ECF No. 198 at 9.  However, the argument that Plaintiff may wish to disclose information to the public is not new evidence.  Indeed, at the time Plaintiff's motion to compel was granted, Defendants were aware that Plaintiff previously disseminated information about prison life and prison officials through the internet and published materials, and even argued this point in their opposition to the motion to compel.  ECF No. 145 at 4.  Thus, any tendency Plaintiff has to share prison system information with the public was before the magistrate judge at the time the motion to compel was granted in part and does not constitute newly discovered evidence that warrants reconsideration.  Moreover, in his opposition to the Motion, Plaintiff states that he will neither violate the protective order nor attempt to appeal the issuance of that order.  ECF No. 206.

As to Defendants' other argument, their motion for summary judgment was filed before the magistrate judge granted the motion to compel, and, thus, it is not new evidence warranting reconsideration.  Moreover, the question of whether to compel

discovery does not depend on its relevance to a motion for summary judgment. Rather, the key question is whether the item or information sought in discovery is "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). The Federal Rules of Evidence allow for the admission of evidence to show a person's habit or routine (Rule 406), to attack a witness's credibility (Rule 607), and, under some circumstances, to attack a witness's character for truthfulness with a criminal conviction (Rule 609). Thus, any history of workplace discipline or adverse results in administrative or criminal proceedings may lead to admissible evidence regarding Defendants' credibility, truthfulness, or habit, and, as such, is discoverable. See id.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration, ECF No. 201, is DENIED. If Defendants seek additional time to comply with the magistrate judge's order granting in part Plaintiff's motion to compel, they are directed to file an appropriate motion before the magistrate judge.

IT IS SO ORDERED.

Dated: January 26, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT