UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN D. MANNING,

    Plaintiff,

  v.

M. BUNNELL, et al.,

    Defendants.

No. 2:12-cv-2440 MCE AC P

ORDER

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed numerous documents in the form of letters that contain putative motions and notices. ECF Nos. 195, 196-198, 200, 203-205, 207-208, 211-220. For the most part, plaintiff's requests and notices are piecemeal, unsupported, duplicative, and histrionic. Plaintiff has previously been warned that this court is far too encumbered to address such filings, and that if he continued to inundate the court with insubstantial and duplicative filings they would be disregarded. ECF Nos. 127, 146. However, the court will attempt to address plaintiff's most serious and persistent issues.

I.    <u>Motions Regarding Legal Property and Mail</u>

    Plaintiff has filed numerous requests that mention his legal property and mail with varying degrees of comprehensiveness, most notably the documents at ECF Nos. 211-213. The Attorney General's Office has been ordered to investigate and report to the court regarding plaintiff's

1

allegations that his legal property has been deliberately delayed, destroyed, or stolen (ECF No. 221), and these allegations will be further addressed upon the court's receipt of the findings.

II.     Request for Counsel

Plaintiff once again seeks appointment of counsel in this case, though it is not entirely clear whether his requests are intended as motions for reconsideration of the original denial (ECF No. 100) or as new requests. ECF Nos. 213, 216. To the extent they are intended as requests for the court to reconsider the denial of appointment of counsel, the District Judge has already denied plaintiff's multiple motions for reconsideration (ECF No. 128), and plaintiff's new motions are deemed frivolous and are disregarded. To the extent plaintiff's requests are intended as new requests for counsel, they will also be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

III.    Motion to Enlarge Time to Respond to Defendants' Motions for Summary Judgment

Plaintiff requests a sixty-day extension of his time to file responses to the defendants' motions for summary judgment. ECF No. 214. Plaintiff's responses are due sixty days from the date the defendants file their proofs of service of their supplemental discovery responses. ECF No. 192 at 13.

Defendants Humphries, Johnson, Ralls, and Wenker filed their proof of service for their

supplemental responses on January 30, 2015 (ECF No. 210), making plaintiff's response due March 31, 2015.  Plaintiff's request for an additional sixty days to respond will be granted.

Defendants May, Couch, and Stratton have not filed a proof of timely serving their supplemental responses and will be directed to do so.  Since these defendants have not yet filed their proof of service, plaintiff's time to file a response to their motion for summary judgment has not started running.  Once defendants May, Couch, and Stratton file their proof of service, plaintiff will have sixty days from that date to file a response to their motion.  His motion for an extension of time to respond to defendants May, Couch, and Stratton's summary-judgment motion is therefore denied as moot.

IV.     Motion for Sanctions and Motion to Compel

By order filed on December 22, 2014, all defendants were ordered to provide supplemental responses to plaintiff's Interrogatory No. 3 and defendants Humphries, Johnson, Ralls, and Wenker were ordered to provide supplemental responses to Interrogatory No. 4.  ECF No. 192.  Supplemental responses were to be served within twenty-one days.  Id. at 12.  Defendants Humphries, Johnson, Ralls, and Wenker filed a motion for reconsideration or alternatively a motion for an extension of time to provide supplemental responses.  ECF No. 201.  Defendants May, Couch, and Stratton joined the motion.  ECF No. 202.  The motion was denied by the District Judge on January 26, 2015, and defendants were directed to file a motion for extension of time if they required additional time to comply with the December 22, 2014 order.  ECF No. 209. On January 30, 2015, defendants Humphries, Johnson, Ralls, and Wenker filed their proof of service for their supplemental responses.  ECF No. 210.  As noted above, defendants May, Couch, and Stratton have not filed a proof of timely serving their supplemental responses.

Plaintiff's motion for sanctions contends that defendants May, Couch, and Stratton have not provided their supplemental discovery responses and that defendants Humphries, Johnson, Ralls, and Wenker have provided untruthful responses.  ECF No. 215.  He requests the court sanction the defendants by denying their motions for summary judgment.  Id.  Plaintiff's motion for sanctions is a less well-pled version of his motion to compel, which requests unspecified

3

1  sanctions, and shall be read in conjunction with that motion.

2  In his motion to compel, plaintiff now alleges that defendants May, Couch, and Stratton
3  have provided supplemental responses, but that they are untimely, and that the responses provided
4  by all defendants are deficient or untruthful.  ECF No. 217.  He requests that the court order the
5  defendants to fully and truthfully respond and to issue unspecified sanctions.  Id.  Since the
6  motion to compel is being read in combination with the motion for sanctions, the unspecified
7  request for sanctions will be interpreted as a request to deny the defendants motions for summary
8  judgment for failure to comply with the court's December 22, 2014 order.  See Fed. R. Civ. P.
9  37(b)(2)(A).

10  The defendants will be directed to respond to plaintiff's motion for sanctions (ECF No.
11  215) and motion to compel (ECF No. 217).

12  V.  Motion to Restore Valley Fever Claims

13  Plaintiff has also filed a motion in which he seeks to "revive" his Valley Fever claims due
14  to a "new retaliatory transfer" to a "Valley Fever prison."  ECF No. 216 at 1.  Plaintiff's original
15  Valley Fever claims were dismissed with prejudice because they were outside the statute of
16  limitations.  ECF No. 63 at 3-9.

17  It is clear from plaintiff's motion that the claims related to Valley Fever that he seeks to
18  "revive" are in fact new claims arising out of a recent transfer.  ECF No. 216.  As a result of this
19  new transfer, plaintiff seeks to have the court "reinstate Bunnell & Compton & Valley Fever"
20  claims.  Id. at 4.  Plaintiff cannot revive his old claims based on a new and separate incident.  To
21  the extent plaintiff seeks to add new claims, there is nothing to show that Bunnell or Compton
22  had anything to do with plaintiff's alleged retaliatory transfer and plaintiff's motion indicates that
23  Bunnell was retired at the time (id. at 3).  Moreover, if plaintiff seeks to amend his complaint, he
24  must file a motion requesting leave to amend and attach a copy of his proposed amended
25  complaint.  Fed. R. Civ. P. 15; Local Rule 137(c).  Plaintiff's motion to reinstate his Valley Fever
26  claims against Bunnell and Compton will therefore be denied.

27  ////

28  ////

VI. Conclusion

As has been previously pointed out, given this court's caseload, it is literally impossible to respond to every issue encompassed by plaintiff's filings. However, the court has done its best to respond to plaintiff's most serious issues. Plaintiff is advised that future piecemeal, unsupported, and duplicative requests will be disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions regarding his legal property (ECF No. 211-213) will be addressed upon receipt of the Attorney General's Office's report regarding its investigation into plaintiff's allegations.

2. Plaintiff's motions for appointment of counsel (ECF Nos. 213, 216) are denied.

3. Plaintiff's motion for an extension of the time to respond to Defendants Humphries, Johnson, Ralls, and Wenker's motion for summary judgment (ECF No. 214) is granted and plaintiff shall have until June 1, 2015, to file his response to their motion.

4. Plaintiff's request for an extension of time to respond to defendants May, Couch, and Stratton's motion for summary judgment (ECF No. 214) is denied as moot.

5. Defendants May, Couch, and Stratton must file proof of having timely served their supplemental responses to plaintiff's Interrogatory No. 3 within seven days of the date of this order. Plaintiff shall have sixty days from the filing of the proof of service to file a response to defendants May, Couch, and Stratton's motion for summary judgment.

6. All defendants shall respond to plaintiff's motion for sanctions (ECF No. 215) and motion to compel (ECF No. 217) within twenty-one days of the filing of this order.

7. Plaintiff's motion to restore his Valley Fever claim (ECF No. 216) is denied.

DATED: March 12, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE