UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING, | No. 2:12-cv-02440 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The court has received two documents from plaintiff that he seeks to have filed under seal. The first is a twelve-page document regarding a request for the court to appoint a computer expert, and it appears he is seeking to have the document filed under seal either in whole or in part. The second document is thirteen pages, and it is unclear whether plaintiff seeks to have it filed under seal in this case or whether he is seeking to initiate a new lawsuit under seal. Plaintiff has been previously advised that if he seeks to have a document, or portion of a document, filed under seal, he must comply with Local Rule 141 or the documents will not be filed and will be returned to him. ECF No. 112.

Plaintiff is reminded that an order sealing documents issues only where the requesting party has made "the showing required by applicable law." L.R. 141(a). Under Local Rule

141(b), the "Request to Seal Documents" to be submitted by the party seeking the sealing order

> shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also shall set forth the basis for excluding any party from service. The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

A request to seal must also be accompanied by a "Notice of Request to Seal Documents," which is to be filed with the court. Id. "The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties." Id.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). The Ninth Circuit confirms that there is "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.1995)). "This right extends to pretrial documents filed in civil cases." In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (citing Nixon, 435 U.S. at 597). A party must make "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)" to have documents attached to a non-dispositive motion filed under seal. Id. (citing Foltz, 331 F.3d at 1135, 1138). However, a party seeking to seal from public view judicial records pertaining to a dispositive motion must meet a "compelling reasons" standard. Pintos v. Pacific Creditors Assn., 605 F.3d 665, 678 (9th Cir. 2010)."

Plaintiff has failed to establish a basis for sealing the documents he has submitted and it is unclear what portion of the documents he seeks to have filed under seal or if he even intends both documents to be filed in this case. Any future request must clearly identify which documents are to be filed publicly and which documents plaintiff seeks to file under seal. Plaintiff's documents

will not be filed and will be returned to him and he will not be allowed to file documents under seal in the future absent compliance with Local Rule 141. Additionally, if plaintiff chooses to resubmit the documents returned to him, he must be clear whether the documents are intended to be filed in this case or whether he is attempting to initiate a new lawsuit. In the event he is attempting to file a new lawsuit, the Clerk of Court will be directed to send plaintiff a blank complaint form. Plaintiff is advised that if he is attempting to initiate a new lawsuit under seal, the court does not seal cases from public view without good cause, and plaintiff will bear the burden of establishing that good cause exists to seal the case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court will return plaintiff's twelve-page document requesting appointment of a computer expert and thirteen-page document that appears to seek to initiate a new lawsuit, both of which plaintiff seeks to have filed under seal.

2. Documents mailed by plaintiff to the court for which plaintiff requests sealing in part or in whole, absent compliance with Local Rule 141, will not be filed, but will be returned to plaintiff.

3. The Clerk of the Court is directed to mail plaintiff a copy of the blank complaint form to be used by prisoners when filing a complaint under 42 U.S.C. § 1983

DATED: April 29, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE