UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING, | No. 2:12-cv-2440 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to stay ruling on defendants' motions for summary judgment until he is released from prison in February 2016 (ECF No. 253) and what appears to be a sur-reply to the defendants' summary judgment motions (ECF No. 254).

Plaintiff's motion to stay is based upon his inability to access the law library and his legal property (ECF No. 253 at 1-4) and his sur-reply reiterates this point (ECF No. 254 at 1). As this court previously stated, the constitutional right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. ECF No. 252 at 5-4 (citing Lewis v. Casey, 518 U.S. 343, 354 (1996); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995)). Moreover, despite plaintiff's limited access, he has repeatedly demonstrated that he still maintains the ability to file

1

multiple motions, notices, and other miscellaneous documents with the court. Plaintiff's alleged inability to litigate <u>effectively</u> does not constitute a basis to stay or deny defendants motions for summary judgment, though the court will be mindful of plaintiff's restricted access when considering the summary-judgment motions.

However, while it is clear from plaintiff's recent filings that he has access to incoming legal mail (ECF Nos. 245, 253, 254), he now specifically alleges that he does not currently have access to the defendants' summary-judgment motions (ECF No. 253 at 4), which indicates that he did not have access to them while drafting his response. Given that plaintiff admittedly does not have access to his legal property (ECF No. 238 at 3, 5), this allegation is credible. Yet despite plaintiff's current inability to access his legal property while he is in a mental health crisis bed, it is clear that he is permitted access to his incoming legal mail. Therefore, the court will deny plaintiff's motion to stay and instead vacate the motions for summary judgment (ECF Nos. 168, 171) and direct the defendants to re-file and re-serve their summary-judgment motions. This shall ensure plaintiff has the benefit of having copies of the motions while drafting his responses. In light of plaintiff's limited access to his legal property, the court will consider the record before it in its entirety when considering plaintiff's response to the defendants' re-noticed motions for summary judgment, including any previously submitted exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay the defendants' motions for summary judgment (ECF No. 253) is denied.

2. Defendants' motions for summary judgment (ECF Nos. 168, 171) are hereby vacated.

3. Defendants shall re-file and re-serve their motions for summary judgment, without additions or amendments, within seven days of the filing of this order.

4. Plaintiff shall have thirty days from service to file a response to each motion. Defendants may reply within fourteen days of service of the response.

DATED: May 21, 2015

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2