UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:12-cv-2440 MCE AC P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are two motions for sanctions filed by plaintiff.  ECF Nos. 260, 261.  Plaintiff once again requests sanctions against Deputy Attorney General Hammond and defendants Couch, May, and Stratton for allegedly destroying his legal property and failing to provide copies of the print-outs from Public Access to Court Electronic Records (PACER) searches referenced in the defendants' interrogatory responses.  ECF Nos. 260, 261. Although briefing on the motions is not complete, the court finds that further briefing is not necessary to a fair adjudication of the motions.

　　　As an initial matter, plaintiff's second motion for sanctions also includes a notice of change of address.  ECF No. 261.  The Office of the Attorney General and Deputy Attorney General Kelli Hammond will be directed to file a notice with the court advising whether, after the

1 transfer, plaintiff continues to have restricted access to his legal property, and, if his access

2 continues to be restricted, why his access is restricted (i.e. plaintiff continues to be housed at a

3 Mental Health Crisis Unit).

4     With respect to the issue of plaintiff's legal property, the court has already advised

5 plaintiff that even if his legal property was in fact destroyed, absent evidence that defendants

6 were involved, the court has no jurisdiction over the matter. ECF No. 252 at 7. Inadmissible

7 hearsay in the form of alleged statements made by other correctional officers does not constitute

8 competent evidence. Plaintiff fails to offer evidence showing any of the defendants were

9 involved in the handling and alleged destruction of his legal property. Absent evidence that

10 defendants had some hand in the loss or destruction of plaintiff's legal property, the court will not

11 issue sanctions against them. Any further unsupported motions on the matter will be disregarded.

12     As for plaintiff's claim that he has yet to receive copies of the PACER print-outs, the

13 court has twice advised him of the contents of those print-outs (ECF No. 192 at 5-6; ECF No. 252

14 at 14, fn. 1) in orders that his filings demonstrate that he has received. The court has already

15 denied plaintiff's previous request for sanctions that was based in part on his allegation that he

16 did not receive these print-outs. ECF No. 252. In doing so, the court decided that it would not

17 require Deputy Attorney General Hammond or defendants Couch, May, and Stratton to once

18 again serve plaintiff with copies of the print-outs. Id. at 14. The court will not issue sanctions for

19 an alleged failure to provide documents when the contents of those documents have been

20 determined to be irrelevant to the issues in this case.[1] Any further motions from plaintiff on this

21 matter will be disregarded.

22     Accordingly, IT IS HEREBY ORDERED that

23     1. The Office of the Attorney General and Deputy Attorney General Kelli Hammond

24 shall, within ten days of the filing of this order, file a notice advising the court whether, after his

---

[1] The PACER search results showed that defendants May and Stratton were not parties to any civil cases and defendant Couch was a party in two civil actions: Case No. 2:07-cv-1989, closed on 4/1/10 and Case No. 1:08-cv-1621, closed on 1/24/13. ECF No. 192 at 5-6. The court took judicial notice of the cases in which Couch was a party and determined that "[n]o information related to these cases could be construed as reasonably calculated to lead to the discovery of admissible evidence in the instant action." Id. at 6.

1  transfer, plaintiff continues to have restricted access to his legal property, and, if his access
2  continues to be restricted, why his access is restricted (i.e. plaintiff continues to be housed at a
3  Mental Health Crisis Unit).
4     2. Plaintiff's motions for sanctions (ECF Nos. 260, 261) are denied.
5  DATED: June 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE