UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHERMAN D. MANNING,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

Defendants.

No.  2:12-cv-2440 MCE AC P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motion for a sixty-day extension of time (ECF No. 270); motion for access to his legal property (ECF No. 273); motion for additional time to provide supporting documentation (ECF No. 282); and various notices regarding the alleged treatment of and threats against plaintiff by correctional staff and other miscellaneous issues and requests (ECF Nos. 275, 278, 279, 280, 281).

The court will do its best to address the matters before it; however, this task is made difficult by plaintiff's continued insistence on filing duplicative, piecemeal documents that lack a caption designating the nature of the document or the relief sought.  Plaintiff has been advised on numerous occasions that his piecemeal and duplicative filings constitute a burden on this court and make it impossible to respond to every issue contained in the filings.  See ECF Nos. 127, 131,

1

146, 222.  Plaintiff has also been warned that continuing to submit such filings would result in the filings being disregarded.  Id.  The court will therefore address only plaintiff's most obvious issues.

I.       Requests for Extension of Time

Plaintiff's motion for a sixty-day extension of time (ECF No. 270), motion for access to his legal property (ECF No. 273), and motion for additional time to provide supporting documentation (ECF No. 282) all essentially seek additional time to respond to defendants' motions for summary judgment.

In his motion for a sixty-day extension of time, plaintiff seeks a general extension of time to respond to anything filed after May 15, 2015.[1]  ECF No. 270.  He also specifically requests an additional sixty days to respond to the re-served motions for summary judgment.  Id.  Five days after the Clerk of the Court filed the motion for extension, plaintiff's first response to defendants' motions for summary judgment was filed.  ECF No. 271.  Plaintiff has since proceeded to file two additional responses to the motions for summary judgment (ECF Nos. 274, 281) and one of his miscellaneous filings also appears to contain a partial response to the motions for summary judgment (ECF No. 275).

In his motion for access to his legal property, plaintiff seeks an order directing that he be given access to his legal property so that he can respond to the motions for summary judgment.  ECF No. 273.  The court construes this motion as a request for additional time to provide supporting documentation for his responses to the motions for summary judgment.  Plaintiff has also filed a motion specifically requesting a deadline by which he must provide supporting documentation.  ECF No. 282.  Typically, supporting documentation must be submitted with the response to the motion for summary judgment.  However, in light of plaintiff's claims that he has not had access to his documents, the court will grant plaintiff's motions and set a date by which he must submit any documents supporting his response to defendants' motions for summary

---

[1]  He alleges that he needs a general extension because he has not received any orders from the court since the May 15, 2015 order (ECF No. 252) and requests the court send him copies of any subsequently issued orders.  ECF No. 270.  Plaintiff has since notified the court that he has received the orders issued by the court after May 15, 2015.  ECF No. 275 at 9-10.

1    judgment.  Defendants' current deadline to file their replies is vacated and their time to reply will

2    not begin to run until after plaintiff has filed his supporting documentation or his time to do so

3    has passed.

4          Plaintiff is advised that any supplemental response included with his supporting

5    documentation must be limited to explaining how the produced documents support his response

6    or create a material issue of fact.  Plaintiff has already filed three responses and this is not an

7    opportunity to repeat arguments that have already been made.  Plaintiff's supporting documents

8    must be submitted to the court as a **single filing** and plaintiff shall not pepper the court with

9    multiple, additional filings of documents, nor shall he continue to inundate the court with

10   multiple, supplemental responses to the motions for summary judgment.  Plaintiff is also advised

11   that once defendants have filed their replies, he is not to file a sur-reply unless he receives

12   permission from the court.  Failure to receive the court's permission before filing a sur-reply will

13   result in it being stricken from the record.

14         In light of plaintiff's continued allegations that he has confronted difficulties accessing his

15   legal property and the delays these allegations have caused to the progression of this case, the

16   Attorney General's Office and Deputy Attorney General Elise Thorn shall work with the

17   California Department of Corrections and Rehabilitation ("CDCR") to take whatever steps are

18   necessary to ensure that plaintiff is given access to all of his legal property and an opportunity to

19   obtain copies of any documents therein that he believes are necessary to defend against the

20   defendants' motions for summary judgment.  Plaintiff is reminded that he must submit all the

21   evidence he believes creates a genuine issue of material fact for trial.  He cannot simply state that

22   he will produce the evidence at trial.

23   II.    Allegations of Harassment by Correctional Staff

24         Plaintiff continues to file numerous "notices" and "motions" related to his allegations that

25   CDCR employees are tampering with his legal mail and property and subjecting him to various

26   forms of harassment.  ECF Nos. 275, 278, 279, 280, 281.  The court has already addressed nearly

27   identical allegations by plaintiff on several occasions (ECF Nos. 116, 146, 252, 262) and based on

28   its previous findings, the court finds that plaintiff's claims are not credible and continue to be

1  unsupported.  Plaintiff has been advised that his allegations will not be considered unless they are

2  supported by evidence, and hearsay statements are not evidence.  Id.  Despite this, plaintiff

3  continues to rely on hearsay and speculation to support his allegations rather than providing

4  evidence, such as declarations or affidavits from the alleged witnesses.[2]  Simply claiming these

5  individuals will testify at trial is insufficient to constitute competent evidence to support a motion.

6  If plaintiff wants the court to consider witnesses' testimony, he must provide signed declarations

7  or affidavits from them.  For these reasons, plaintiff's various filings regarding the actions of

8  CDCR employees (ECF Nos. 275, 278, 279, 280, 281) will be disregarded.

9  III.    Settlement Conference

10      In some of his most recent filings, plaintiff indicates a desire to settle this case.  ECF Nos.

11  280, 281.  Defendants will be directed to advise the court whether they believe a settlement

12  conference would be beneficial at this time.

13      Accordingly, IT IS HEREBY ORDERED that:

14      1.  Plaintiff's requests for an extension of time (ECF Nos. 270, 273, 282) are granted in

15  part.  Plaintiff shall have until August 27, 2015, to submit documents in support of his response to

16  defendants' motions for summary judgment.  Any documents plaintiff seeks to submit must be

17  filed as a single filing.

18      2.  The Attorney General's Office and Deputy Attorney General Elise Thorn shall work

19  with the CDCR to take whatever steps are necessary to ensure that plaintiff is given access to all

20  of his legal property and an opportunity to obtain copies of any documents therein that he

21  believes are necessary to defend against the defendants' motions for summary judgment.

22      3.  Defendants' current deadline to file their replies in support of their motions for

23  summary judgment is vacated.  Defendants' time to file their replies will not begin to run until

24  plaintiff either files his supplemental documentation or his time for doing so expires, whichever

25  occurs first.  Defendants shall have fourteen days to file their replies.

26  _____
27  [2]  In one document plaintiff identifies a correctional officer who is allegedly willing to testify on
his behalf and asks that the court redact out his name prior to filing.  ECF No. 281.  The court
does not provide redaction services.  Documents mailed to the Clerk of the Court for filing are
28  filed as they are received.

4.  Plaintiff's various filings regarding the actions of CDCR employees (ECF Nos. 275, 278, 279, 280, 281) will be disregarded.

5.  Within ten days of the filing of this order, defendants shall advise the court whether they believe a settlement conference in this case would be beneficial at this stage.

DATED:  July 28, 2015.

_____/S/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5