UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING, | No. 2:12-cv-2440 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OFCORRECTIONS ANDREHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion for appointment of counsel (ECF No. 299) and motion for stay (ECF No. 300).

I. Motion for Counsel

Plaintiff seeks limited appointment of counsel for the purpose of negotiating a settlement agreement at the upcoming settlement conference scheduled for October 19, 2015. ECF No. 299. Plaintiff argues that he "will be disadvantaged attempting to negotiate with seasoned counsel" and that appointment of counsel will prevent him from having to appear in court in person. Id. at 1. He asks that if the court will not grant his request for counsel, he be permitted to appear by video conference. Id. at 2. The remainder of the motion requests that his counselor be ordered to make copies of the documents he seeks to submit in support of his opposition to defendants' motions

1

for summary judgment and will be discussed below in Section II.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances to warrant appointment of counsel. The settlement judge has already granted plaintiff's request to appear via video conference (ECF No. 297), so his concerns about having to appear in court in person are moot. Additionally, the extensive docket in this case demonstrates that plaintiff is fully capable of articulating his position at a settlement conference. Plaintiff's request for limited appointment of counsel will therefore be denied.

II.     Motion to Stay

Petitioner also seeks to stay his deadline to submit documents in support of his opposition to defendants' motions for summary judgment until after the settlement conference. ECF No. 300. He alternatively requests that his counselor be ordered to provide him copies. Id.; ECF No. 299. Defendants have both filed statements of non-opposition to the requested stay. ECF Nos. 304, 305.

Shortly after plaintiff filed his motion for stay, he submitted the exhibits in support of his opposition. ECF Nos. 301, 302. Therefore his request to have his counselor make copies will be denied as moot, as will his request to stay his deadline to submit his documents. However, good

2

cause appearing, the court will enlarge the deadline for defendants' to reply in support of their motions for summary judgment until after the settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 299) is denied.

2. Plaintiff's requests for an order directing his counselor to make copies of his exhibits (ECF Nos. 299, 300) are denied as moot.

3. Plaintiff's motion to stay his deadline to submit his exhibits (ECF No. 300) is denied as moot.

4. Defendants' current deadline to reply in support of their motions for summary judgment is vacated. If the October 19, 2015 settlement conference is unsuccessful, defendants shall file their replies by November 2, 2015.

DATED: September 16, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE